# STANDING ORDER NO. 1:

## Procedural Requirements for Preliminary and Final Approval of Class Action Settlements

Parties submitting class action settlements for preliminary and final approval should review and follow these guidelines to the extent they do not conflict with a specific judicial order in an individual case. Failure to address the issues discussed below may result in unnecessary delay or denial of approval. Parties and mediators should consider this guidance during settlement negotiations and when drafting settlement agreements and exhibits, including class notices. In cases litigated under the Private Securities Litigation Reform Act of 1995 and the Fair Labor Standards Act, follow the statute and case law requirements that apply to such cases, such as regarding reasonable costs and expenses awards to representative plaintiffs, and this procedural guidance to the extent applicable.

## Preliminary Approval

1) INFORMATION ABOUT THE SETTLEMENT—The motion for preliminary approval should state, where applicable:

   a. Any differences between the settlement class and the class proposed in the operative complaint (or, if a class has been certified, the certified class) and an explanation as to why the differences are appropriate.

   b. Any differences between the claims to be released and the claims in the operative complaint (or, if a class has been certified, the claims certified for class treatment) and an explanation as to why the differences are appropriate.

   c. The class recovery under the settlement (including details about and the value of injunctive relief), the potential class recovery if plaintiffs had fully prevailed on each of their claims, claim by claim, and a justification of any discount applied to the claims reflected in the settlement figure.

   d. Any other cases that will be affected by the settlement, an explanation of what claims will be released in those cases if the settlement is approved, the class definitions in those cases, their procedural posture, whether plaintiffs' counsel in those cases participated in the settlement negotiations, a brief

    history of plaintiffs' counsel's discussions with counsel for plaintiffs in those other cases before and during the settlement negotiations, an explanation of the level of coordination between the two groups of plaintiffs' counsel, and an explanation of the significance of those factors on settlement approval. If there are no such cases, counsel should so state.

e. The proposed allocation plan for the settlement fund.

f. If there is a claim form, an estimate of the expected claim rate in light of the experience of the selected claims administrator and/or counsel based on comparable settlements, the identity of the examples used for the estimate, and the reason for the selection of those examples.

g. Given that this Court disfavors reversions, whether and under what circumstances money originally designated for class recovery will revert to any defendant, the expected and potential amount of any such reversion, and an explanation as to why a reversion is appropriate.

2) SETTLEMENT ADMINISTRATION—The parties are expected to get multiple competing bids from potential settlement administrators. In the motion for preliminary approval, the parties should:

a. Identify the proposed settlement administrator, the settlement administrator selection process, how many settlement administrators submitted proposals, what methods of notice and claims payment were proposed, and the lead class counsel's firms' history of engagements with the settlement administrator over the last two years.

b. Address the settlement administrator's procedures for securely handling class member data (including technical, administrative, and physical controls; retention; destruction; audits; crisis response; etc.), the settlement administrator's acceptance of responsibility and maintenance of insurance in case of errors, the anticipated administrative costs, the reasonableness of those costs in relation to the value of the settlement, and who will pay the costs.

The amount of the cost award to the settlement administrator may not be approved until the final approval hearing. Addressing the items in the *attached checklist* in their submissions will be looked upon favorably.

3) NOTICE—The parties should ensure that the class notice is easily understandable, in light of the class members' communication patterns, education levels, and language needs. The notice should include the following information:

   a. Contact information for class counsel to answer questions.

   b. The address for a website, maintained by the claims administrator or class counsel, that lists key deadlines and has links to the notice, claim form (if any), preliminary approval order, motions for preliminary and final approval and for attorneys' fees, and any other important documents in the case.

   c. Instructions on how to access the case docket via PACER or in person at any of the court's locations.

   d. The date and time of the final approval hearing, clearly stating that the date may change without further notice to the class.

   e. A note to advise class members to check the settlement website or the Court's PACER site to confirm that the date has not been changed.

The parties should explain how the notice distribution plan is effective. Class counsel should consider the following ways to increase notice to class members: identification of potential class members through third-party data sources; use of text messages and social media to provide notice to class members; hiring a marketing specialist; providing a settlement website that estimates claim amounts for each specific class member using the most sensible data reference point and updating the website periodically to provide accurate claim amounts based on the number of participating class members; and distributions to class members via direct deposit.

The notice distribution plan should rely on U.S. mail, email, and/or social media as appropriate to achieve the best notice that is practicable under the circumstances, consistent with Federal Rule of Civil Procedure 23(c)(2). If U.S. mail is part of the notice distribution plan, the notice envelope should be designed to enhance the chance that it will be opened.

Below is suggested language for inclusion in class notices:

> This notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at

    www._____.com, by contacting class counsel at _____, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records ("PACER") system at https://ecf.mnd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the District of Minnesota between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

    PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

4) OPT-OUTS—The notice should instruct class members who wish to opt out of the settlement to send a letter, setting forth their name and information needed to be properly identified and to opt out of the settlement, to the settlement administrator and/or the person or entity designated to receive opt outs. It should require only the information needed to opt out of the settlement and no extraneous information or hurdles. The notice should clearly advise class members of the deadline, methods to opt out, and the consequences of opting out.

5) OBJECTIONS—Objections must comply with Federal Rule of Civil Procedure 23(e)(5). The notice should instruct class members who wish to object to the settlement to send their written objections only to the court. All objections will be scanned into the electronic case docket, and the parties will receive electronic notices of filings. The notice should make clear that the court can only approve or deny the settlement and cannot change the terms of the settlement. The notice should clearly advise class members of the deadline for submission of any objections.

Below is suggested language for inclusion in class notices:

    You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

    Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your

own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number, (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the District of Minnesota or by mailing them to the Court Clerk, United States District Court for the District of Minnesota, 316 N. Robert Street, Suite 100, St. Paul, MN 55101, and (c) be filed or postmarked on or before _____.

6) ATTORNEYS' FEES AND COSTS—Although attorneys' fee requests will not be approved until the final approval hearing, class counsel should include information about the fees and costs (including expert fees) they intend to request, their lodestar calculation (including total hours), and resulting multiplier in the motion for preliminary approval. In a common fund case, the parties should include information about the relationship between the amount of the common fund, the requested fee, and the lodestar. To the extent counsel base their fee request on having obtained injunctive relief and/or other non-monetary relief for the class, counsel should discuss the benefit conferred on the class.

7) SERVICE AWARDS—Although service award requests will not be approved until the final approval hearing, the parties should include information about the service awards they intend to request as well as a summary of the evidence supporting the awards in the motion for preliminary approval. The parties should ensure that neither the size nor any conditions placed on the incentive awards undermine the adequacy of the named plaintiffs or class representatives. In general, unused funds allocated to incentive awards should be distributed to the class pro rata or awarded to cy pres recipients.

8) CY PRES AWARDEES—If the settlement contemplates a cy pres award, the parties should identify their chosen cy pres recipients, if any, and how those recipients are related to the subject matter of the lawsuit and the class members' claims. The parties should also identify any relationship they or their counsel have with the proposed cy pres recipients. In general, unused funds allocated to attorneys' fees, service awards, settlement administration costs, and class member payments should be distributed to the class pro rata if feasible, or else awarded to cy pres recipients or to the relevant government authorities.

9) TIMELINE—The parties should ensure that class members have at least thirty-five days to opt out or object to the settlement and the motion for attorneys' fees and costs.

10) CLASS ACTION FAIRNESS ACT ("CAFA") AND SIMILAR REQUIREMENTS—The parties should address whether CAFA notice is required and, if so, when it will be given. In addition, the parties should address substantive compliance with CAFA. For example, if the settlement includes coupons, the parties should explain how the settlement complies with 28 U.S.C. § 1712. In addition, the parties should address whether any other required notices to government entities or others have been provided, such as notice to the Labor & Workforce Development Agency ("LWDA") pursuant to the Private Attorneys General Act ("PAGA").

11) COMPARABLE OUTCOMES—Lead class counsel should provide information about comparable cases, including settlements and litigation outcomes. Lead class counsel should provide the following information for as many as feasible (and at least one) comparable class settlements (i.e., settlements involving the same or similar claims, parties, issues):

   a. The claims being released, the total settlement fund, the total number of class members, the total number of class members to whom notice was sent, the method(s) of notice, the number and percentage of claim forms submitted, the average recovery per class member or claimant, the amounts distributed to cy pres recipients, the administrative costs, the attorneys' fees and costs, the total exposure if the plaintiffs had prevailed on every claim.

   b. Where class members are entitled to non-monetary relief, such as discount coupons or debit cards or similar instruments, the number of class members availing themselves of such relief and the aggregate value redeemed by the class members and/or by any assignees or transferees of the class members' interests.

   c. Where injunctive and/or other non-monetary relief has been obtained, discuss the benefit conferred on the class.

Counsel should summarize this information in easy-to-read charts that allow for quick comparisons with other cases, supported by analysis in the text of the motion.

12)  ELECTRONIC VERSIONS—Electronic versions (Microsoft Word) of all proposed orders and notices should be submitted to Judge Blackwell Chambers email when filed.

13)  OVERLAPPING CASES—Within one day of filing of the preliminary approval motion, the defendants should serve a copy on counsel for any plaintiffs with pending litigation, whether at the trial court or appellate court level, whether active or stayed, asserting claims on a representative (e.g., class, collective, PAGA, etc.) basis that defendants believe may be released by virtue of the settlement.

## Final Approval

1)  CLASS MEMBERS' RESPONSE—The motion for final approval briefing should include information about the number of undeliverable class notices and claim packets, the number of class members who submitted valid claims, the number of class members who opted out, and the number of class members who objected to or commented on the settlement. In addition, the motion for final approval should respond to any objections.

2)  ATTORNEYS' FEES—All requests for approval of attorneys' fees must include detailed lodestar information, even if the requested amount is based on a percentage of the settlement fund. Declarations of class counsel as to the number of hours spent on various categories of activities related to the action by each biller, together with hourly billing rate information may be sufficient, provided that the declarations are adequately detailed. Counsel should be prepared to submit copies of detailed billing records if the court orders.
Regardless of when they are filed, requests for attorneys' fees must be noticed for the same date as the final approval hearing. If the plaintiffs choose to file two separate motions, they should not repeat the case history and background facts in both motions. The motion for attorneys' fees should refer to the history and facts set out in the motion for final approval.

3)  SERVICE AWARDS—All requests for service awards must be supported by evidence of the value provided by the proposed awardees, the risks they undertook in participating, the time they spent on the litigation, and any other justifications for the awards.

4) ELECTRONIC VERSIONS—Electronic versions (Microsoft Word) of all proposed orders and judgments should be submitted to Judge Blackwell Chambers email at the time they are filed.

## Post-Distribution Accounting

1) Within twenty-one days after the settlement checks become stale (or, if no checks are issued, all funds have been paid to class members, cy pres beneficiaries, and others pursuant to the settlement agreement), the parties should file a Post-Distribution Accounting (and post it on the settlement website), which provides the following information:

   a. The total settlement fund, the total number of class members, the total number of class members to whom notice was sent and not returned as undeliverable, the number and percentage of claim forms submitted, the number and percentage of opt-outs, the number and percentage of objections, the average, median, maximum, and minimum recovery per claimant, the method(s) of notice and the method(s) of payment to class members, the number and value of checks not cashed, the amounts distributed to each cy pres recipient, the administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, plaintiffs' counsel's updated lodestar total, and the lodestar multiplier.

   b. Where class members are entitled to non-monetary relief, such as discount coupons, debit cards, or similar instruments, the number of class members availing themselves of such relief and the aggregate value redeemed by the class members and/or by any assignees or transferees of the class members' interests.

   c. Where injunctive and/or other non-monetary relief has been obtained, discuss the benefit conferred on the class.

2) Counsel should summarize this information in an easy-to-read chart that allows for quick comparisons with other cases.

3) The Court may hold a hearing following submission of the parties' Post-Distribution Accounting.

## Settlement Administration Data Protection Checklist

### Limitation on Use of Data
- Affirmation that data provided to the administrator for purposes of notice, settlement, or award administration will be used solely for settlement implementation and for no other purpose

### Technical Controls
- Firewalls and intrusion detection/prevention systems
- Endpoint detection and response ("EDR") systems
- Complex password requirements
- Multi-factor authentication for access to systems and data
- Malware protection, anti-virus and vulnerability scanning and penetration tests
- Data encryption (including, "encrypted at rest and in transit," "scrambled in storage," and "cell- or column-level encryption for PII" protocols)
- "Key management" for access to encrypted databases (*e.g.*, using a hardware security module (HSM) or a key management service (KMS))
- Access only provided on need-to-know basis

### Administrative Policies
- Personnel and support staff risk assessment and management, including pre-hire background checks and screening processes
- Personnel and support staff required to enter into non-disclosure and confidentiality agreements
- Access controls to systems and data, including guidance for granting, modifying, and reviewing access rights
- Information security and privacy policy trainings, including policy review, best practices, and data security
- No remote access to systems for employees
- Exit interviews/confirmation that terminated/departed employees are immediately cut off from access
- Robust audits of data privacy policies by third-party vendors
- Accreditation in accordance with ISO 27001 and SOC2 (among the industry standards listed below)
- Disclosure of external certifications and any notice of expiration

### Crisis and Risk Management
- Incident response / "disaster plan" for immediate response to security incidents such as data breach
- Process and timing for notification to attorneys, claimants, and other stakeholders of a data breach and consideration of resources and/or remedies to provide thereto

- Vendor management program that determines and defines requirements to manage risk associated with outsourcing

**Physical Access Controls**
- Physical access security
    - Security guards
    - Access cards to facilities with assignment of identification card subject to approval and review
    - Logs of access
- Alarm systems
- CCTV recording systems

**Data Collection and Retention**
- Minimization of collection of personally identifiable information, *e.g.*, social security numbers and banking information
- Data collection only required to extent necessary for settlement administration
- Various methods for ensuring data protection and security
    - Data classification (including implementation of appropriate safeguards to protect from theft, loss, and/or unauthorized disclosure, use, access, destruction)
    - Compliance with applicable laws and regulations (see below)
    - Secure data transfer

**Data Destruction**
- Preservation of data only for so long as required for administration of the settlement and any relevant reporting required following the payments or distributions
- Secure data destruction (*e.g.*, 6 months – 1 year or when no longer required)
- Physical media (*e.g.*, paper, CDs) shredded or destroyed to point where they cannot be reconstructed
- Destruction of all derivative copies and/or back-ups

**Applicable Laws, Standards, and Other Regulation**
- Industry standards: National Institute of Standards and Technology ("NIST"), HIPAA, FISMA, System and Organization Controls ("SOC1" and "SOC2") or more advanced assessment, ISO 27001
- Local, national, international privacy regulations (including CCPA)

2

**Ethical Rules**
- Administrative policies and/or employee handbook incorporating commitment to ethical rules (*e.g.*, company, court ethical rules) setting forth standards of ethical and legal behavior
- Enforcement clauses, violation resulting in disciplinary action including and up to termination of employment

**Customer Service Measures**
- Description of settlement website and posting thereto of relevant privacy policies or statements (including portal for reporting suspected loss of confidential data submitted with claim)
- Explanation of role of claims administrator and how to prevent phishing (*e.g.*, clear indication that administrator will not request confidential information by e-mail and how to identify a valid e-mail sent from the administrator)